UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULETTA N. HIGGINS, )
)
 Plaintiff, )
)
v. ) Civil Action No. 14-1776 UNA
)
U.S. MARSHAL, )
)
 Defendant. )

## MEMORANDUM OPINION

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79). As drafted, the complaint fails to meet these goals.

Plaintiff alleges that, on September 30, 2014, defendant discriminated against her on the basis of a disability, denied her access to this courthouse, and on the following day, "torture[d]"

1



3

her "for hours," then "harassed and stalked [her] around the whole courthouse." Compl. at 1-2. Missing from the complaint are sufficient factual allegations to support her claims. Plaintiff does not, for example, identify her alleged disability, or describe the alleged torture and harassment she suffered, or explain the injury she allegedly sustained because of defendant's actions. As drafted, the complaint does not give fair notice to the defendant of the claims being asserted that is sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Accordingly, the Court will dismiss the complaint without prejudice.

An Order consistent with this Memorandum Opinion is issued separately.

/s/ Amy B. Jackson
United States District Judge

DATE: 10/20/2014